UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-453-C**

**ERMIN BAJROVIC,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION & ORDER**

**BOSNIA HOUSE, L.L.C., ET AL.,** **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendants for reconsideration of their motion to dismiss for improper venue (DE 35). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

**Standard of Review**

The court will alter, amend, or vacate its order only if the court has committed legal error, if there is newly discovered evidence, if there has been an intervening change in controlling law, or if necessary to prevent manifest injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 834 (6th Cir. 1999). The defendant's motion for reconsideration alleges that there is newly discovered evidence and, therefore, the court will review its order on this ground.

**Analysis**

The defendants point to the plaintiff's answer to an interrogatory as newly discovered evidence sufficient to support its motion for reconsideration. In his answer to the interrogatory, the plaintiff stated that he had received a letter of

intent when one of the defendants handed it to him in Louisiana. This answer contradicts a prior affidavit where the plaintiff swore that he received the letter of intent by fax in Louisville, Kentucky. In his response to the defendants' motion the plaintiff claims to have misinterpreted the interrogatory, and he maintains the position that he initially received the letter of intent in Louisville by fax.

In declining to dismiss this action for improper venue, the court noted that several events and omissions occurred in this district. One of these events was the receipt of a letter of intent in Louisville. However, even if this court were to decide that the interrogatory constituted irrebuttable proof that plaintiff did not receive the letter of intent in Louisville, there remains a sufficient volume of events and omissions that occurred in this district and give rise to this litigation.

In a diversity action, venue is proper in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391; *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263. This district does not have to be the location of the most events or omissions; it is enough that a substantial portion of events occurred in the challenged district. *Id.* For reasons mentioned in this court's order (DE 9), this district remains a proper venue. Accordingly,

**IT IS ORDERED** that the defendants' motion for reconsideration of its motion to dismiss for improper venue (DE 35) is **DENIED**.

Signed on  October 4, 2005

**Jennifer B. Coffman, Judge**
**United States District Court**