UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 04-453-C**

**ERMIN BAJROVIC,**                                                                                                                 **PLAINTIFF,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**BOSNIA HOUSE, L.L.C., ET AL.,**                                                          **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion to dismiss for lack of subject matter jurisdiction and on their motion for summary judgment. The court, having reviewed the record and being advised, will deny the motion to dismiss and will grant the motion for summary judgment in part and deny it in part.

**Facts:**

The facts in this case are contested. However, for the purpose of these motions, they are presented in the light most favorable to the plaintiff. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182 (6th Cir. 1993).

In the early 1990s, Suad Tankovic organized Bosnia House to offer Bosnian, Serbian, and Croatian translation services. His wife was also involved with the business, helping to form Bosnia House, LLC, in January 2002.[1] In September 2001, Mr. Tankovic and the plaintiff, Ermin Bajrovic, agreed to work together so

---

[1] Mr. and Mrs. Tankovic are the only members of the LLC.

that Bosnia House could compete for a subcontract from Cubic Applications ("Cubic") to provide linguists for United States Army training exercises. In the event that Bosnia House received the subcontract, the pair orally agreed to split profits three ways, with Mr. Bajrovic and Mr. and Mrs. Tankovic each receiving equal shares. In November 2001, Bosnia House received the subcontract. In December 2001, Mr. Tankovic presented Mr. Bajrovic with a Letter of Intent stating, among other things, that "net profit will be shared at equal parts (33%) after each success [sic] completed rotation." Mr. Bajrovic never signed this document. In January 2002, Bosnia House completed its obligations under the subcontract and Mr. Tankovic paid Mr. Bajrovic approximately $22,000, ostensibly representing one-third of the profits. According to Mr. Bajrovic, this was less than his full share of the profits.

After successfully completing the first subcontract, Bosnia House received four similar subcontracts from Cubic. However, prior to completion of the second subcontract, Mr. Tankovic told Mr. Bajrovic that he would not pay him a share of the profits but offered to pay him $20,000 plus expenses. This arrangement was to continue, according to Mr. Tankovic, for all of Mr. Bajrovic's future work with Bosnia House. Despite this conversation, Mr. Bajrovic hoped that he would eventually receive a share of the profits from all of the subcontracts. Mr. Bajrovic's complaint alleged breach of contract. He claims that he is entitled to a share of Bosnia House's profits, and also claims that the defendants owe him $12,500 for

2

helping to recruit linguists.

I.  **The Motion to Dismiss**

The court must dismiss an action if it does not have jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Parmelee v. Ackerman*, 252 F.2d 721 (6th Cir. 1958). "If a claim of the required jurisdictional amount is apparently made in good faith, that claim controls unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Jones,* 2 F.3d at 182. Mr. Bajrovic argues that he is owed one-third of Bosnia House's profits since 2002, an amount that exceeds the $75,000 jurisdictional threshold. Alternatively, Mr. Bajrovic argues that he is entitled to recover at least $30,697 for Bosnia House's profits in 2002 and $66,831.40 for subsequent work. This sum also exceeds $75,000. Therefore, the court has jurisdiction over this dispute.

II. **The Motion for Summary Judgment**

"Summary judgment is proper where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law." *Browning v. Levy*, 283 F.3d 761, 769 (6th Cir. 2002) (citing Fed. R. Civ. P. 56(c)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp.*, 477 U.S. at 323. In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Browning*, 283 F.3d at 769 (quoting *Anderson*, 477 U.S. at 252). The initial burden of showing the absence of a genuine issue of material fact is on the moving party. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the opposing party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

     The defendants argue that they are entitled to summary judgment on three grounds. First, they argue that the parties did not contract to share profits. Second, they argue that Mrs. Tankovic had nothing to do with the alleged contract to share profits and is not a proper defendant. Finally, they argue that they owe Mr. Bajrovic nothing for his work in recruiting linguists. In response to the defendants' motion, Mr. Bajrovic presents a new theory for relief – a breach of a partnership. However, nowhere in his complaint does Mr. Bajrovic mention the term "partnership." Because he raises it for the first time at this stage of the litigation, the court will not consider Mr. Bajrovic's new theory in considering the motion for summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004); *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788-89 (6th Cir. 2005). *See also Lombard v. MCI Telecommunications Corp.*, 13 F. Supp. 2d 621, 626-27 (N.D. Ohio 1998) (not allowing summary judgment

where the plaintiff did not mention the cause of action in her complaint).

### *a.   The Agreement to Share Profits*

To prove the existence of a contract, one may look to the underlying facts and circumstances of a particular transaction. The plaintiff must show that there was a "meeting of the minds" and that the parties consented to the contract. *Harlan Pub. Serv. Co. v. Eastern Constr. Co.*, 71 S.W.2d 24, 29 (Ky. Ct. App. 1934); *Oakwood Mobile Homes v. Sprowls*, 82 S.W.3d 193, 195 n.3 (Ky. 2002). The defendants argue that Mr. Tankovic and Mr. Bajrovic's minds never met and that Mr. Bajrovic cannot demonstrate there was an agreement to share profits. Alternatively, they argue that even if there was an agreement to share profits at one point, Mr. Tankovic terminated the agreement prior to the completion of the second subcontract.

*Contract Formation*

The defendants point to Mr. Bajrovic's deposition where he discusses the need for a more "formal agreement" or a "real agreement." (Bajrovic Dep. 88; 101). They argue that this testimony shows that the parties never contracted to share profits. Reviewing the cited testimony, Mr. Bajrovic stated that there was an oral agreement between the parties, and that he had agreed to the terms stated in the Letter of Intent. That Mr. Tankovic signed the Letter of Intent suggests that he agreed to those terms as well. Because of the conflicting evidence as to whether the parties agreed to share profits, summary judgment is inappropriate on this

5

issue.

*Contract Termination*

The defendants argue that Mr. Tankovic terminated any agreement to share profits. In its place, he offered – and Mr. Bajrovic accepted – a flat fee of $20,000 for work on subsequent subcontracts. Where a contract contains no specific time for performance, either party may terminate it at will. *Duff v. P.T. Allen Lumber Co.*, 220 S.W.2d 981, 982 (Ky. App. 1949).[2]

To prove that the contract was terminated and that Mr. Bajrovic agreed to different terms, the defendants cite an e-mail written by Mr. Bajrovic where he admits that he agreed to receive a $20,000 flat fee for work on future subcontracts. Additionally, in his deposition, Mr. Bajrovic stated that he *expected* to receive a flat fee for future subcontracts, even though he *hoped* that his friend would honor the original agreement. (Bajrovic Dep. 57-59; 73). Mr. Bajrovic offers no contradictory evidence to show that the parties did not amend their agreement as suggested by the defendants. Therefore, the defendants are entitled to summary judgment on this issue.

**b.    Mrs. Tankovic's Alleged Involvement**

The defendants argue that Mrs. Tankovic was not a party to the agreement

---

[2] Mr. Bajrovic argues that the parties' agreement was not indefinite as to term, but was really a partnership agreement for a definite term. Specifically, the partnership was to last so long as Bosnia House received subcontracts from Cubic. Because Mr. Bajrovic has not pled the existence or breach of a partnership, the court will not consider this argument. *Gilmour*, 382 F.3d at 1314; *Tucker*, 407 F.3d at 788.

to share profits and, therefore, is not a proper defendant. Specifically, they point to Mr. Bajrovic's statement that he could not recall Mrs. Tankovic's specific input as to the Letter of Intent, and they cite to Mrs. Tankovic's statement denying participation in an agreement to share profits. The defendants also note that Mrs. Tankovic never signed the Letter of Intent. In contrast, Mr. Bajrovic claims that Mrs. Tankovic was fully involved throughout the process, and that the Tankovics and he discussed compensation and their respective roles in the business. Because there is a genuine issue of material fact as to whether Mrs. Tankovic was a party to an agreement, summary judgment is inappropriate on this issue.

### c.  *Compensation for Recruiting Linguists*

Mr. Bajrovic claimed that he was owed $12,500 for his work in recruiting linguists. (Compl. ¶ 11). The defendants have moved for summary judgment on this issue, noting that, at his deposition, Mr. Bajrovic admitted having been paid for his recruiting work. Mr. Bajrovic does not respond to this argument and offers no contradictory evidence to show a disputed issue of material fact relevant to this issue. Therefore, the defendants are entitled to summary judgment on this claim. Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (DE 49) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (DE 50) is **GRANTED IN PART** and **DENIED IN PART** in accordance with this order.

7

Signed on  February 2, 2006

Jennifer B. Coffman, Judge
United States District Court

8